Office of the Attorney General · State of Texas



October 22, 1999

The Honorable Florence Shapiro
Chair, State Affairs Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0129

Re: Whether a law enforcement authority may register a parolee who is not required by statute to register as a sex offender, and related questions (RQ-0046-JC)

Dear Senator Shapiro:

For at least ten years after a person has been adjudicated delinquent based upon certain sex-related offenses, the local law enforcement authority in the community where the parolee resides is required to register that parolee as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.01(5), 62.02, 62.06, 62.12 (Vernon Supp. 1999) (defining "reportable adjudication" and establishing duty to register). You ask three questions regarding a local law enforcement authority's discretion to register, under chapter 62 of the Code of Criminal Procedure, a sex offender who reports to the authority for registration:

> 1. Whether the law precludes a local law enforcement authority from registering a parolee when they have been required to register as a condition of parole.

> 2. Whether the parolee's prior juvenile adjudication constitutes a reportable conviction or adjudication, and, if so, whether a law enforcement agency has any discretion in registering that person as a sex offender.

> 3. Whether a law enforcement authority may register a parolee who otherwise is not required by statute to register as a sex offender under Chapter 62 and what the liabilities might be, if any, for doing so.

In this opinion we will refer to a sex offender's actual registration with a law enforcement authority and report to a law enforcement authority to verify a previous registration as "registration." Additionally, in this opinion a law enforcement authority's duty to register a parolee as a sex offender refers to the authority's duty to forward an individual's completed registration form to the Department of Public Safety, *see* TEX. CODE CRIM. PROC. ANN. art. 62.02(c) (Vernon Supp. 1999),

and in certain cases to publish notice of the individual's name and intended residence, *see id.* art. 62.03(e), (f).

You indicate that you seek to clarify Attorney General Opinion JC-0010. *See* Letter from Honorable Florence Shapiro, Chair, State Affairs Comm., Texas State Senate, to Attorney General John Cornyn, Office of the Attorney General (Mar. 19, 1999) (on file with Opinion Committee). That opinion concludes that a local law enforcement authority is not required "as a matter of law to register a parolee as a sex offender on the sole ground that the parolee's parole contract mandates that he or she 'comply with the Sex Offender Registration Program.'" Tex. Att'y Gen. Op. No. JC-0010 (1999) at 1. Attorney General Opinion JC-0010 assumes that the parolee's previous juvenile adjudication was not a reportable conviction or adjudication. *See id.* at 3.

You aver that your current questions stem from

> a criminal case in Arlington, Texas. An individual serving a sentence for burglary was reviewed by the Board of Pardons and Paroles in April of 1997. Because of the individual's history as a juvenile sex offender, the Board required he register as a sex offender as a condition of parole. However, when he presented himself to register at the Arlington Police Department, the law enforcement agency refused to register the parolee.

Letter from Honorable Florence Shapiro, Chair, State Affairs Comm., Texas State Senate, to Honorable John Cornyn, Attorney General (Mar. 19, 1999) (on file with Opinion Committee). These facts suggest, to contradistinguish the facts here from those specified in Attorney General Opinion JC-0010, that the individual's juvenile sex offense warranted a parole requirement that the individual register as a sex offender. *See infra* pp. 4-5 (discussing whether prior adjudication is in fact reportable). These facts also suggest that the individual's burglary conviction was not reportable, although burglary may constitute a reportable conviction in certain circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 62.01(5)(D) (Vernon Supp. 1999) (listing burglary with intent to commit sex-related felony as reportable conviction).

Chapter 62 of the Code of Criminal Procedure, adopted by Act of May 26, 1991, 72d Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029, 2029-30, establishes a sex offender registration program for persons convicted of or adjudicated for certain sex-related offenses. Under the statute, a "person who has a reportable conviction or adjudication shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp. 1999). A person with a reportable conviction or adjudication who is being released from a penal institution is to register prior to leaving the institution and, upon release, report to the local law enforcement authority where the registrant intends to reside to verify the registration information. *See id.* art. 62.03(a)-(e). Failure to register, among other things, is a state jail felony. *See id.* art. 62.10(a), (b).

Chapter 62 imposes several concomitant duties upon local law enforcement agencies. Using a registration form provided by the Department of Public Safety, *see id.* art. 62.01(1) (defining "Department"), the local law enforcement authority must obtain certain information from an individual with a reportable conviction or adjudication, such as the registrant's identifying characteristics; the type of reportable offense the registrant committed; and whether the registrant is discharged or conditionally released. *See id.* art. 62.02(b). The local law enforcement authority must forward a copy of the completed form to the Department of Public Safety, *see id.* art. 62.02(c), for inclusion into its central data base, *see id.* art. 62.08. The local law enforcement authority also must publish notice if the registrant's victim in the sex offense was less than seventeen years old. *Id.* art. 62.03(e). In certain circumstances, the local law enforcement authority must notify local school officials as well. *See id.*

An individual's duty to register and a local law enforcement authority's corresponding duty to forward the registration or to publish notice hinge on whether the individual has a "reportable conviction or adjudication" that occurred on or after September 1, 1970. The phrase "reportable conviction or adjudication" is specifically defined to include numerous sex-related offenses:

"Reportable conviction or adjudication" means a conviction or adjudication, regardless of the pendency of an appeal, that is:

(A)    a conviction for a violation of Section 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

(B)    a conviction for a violation of Section 43.05 (Compelling prostitution), 43.25 (Sexual performance by a child), or 43.26 (Possession or promotion of child pornography), Penal Code;

(C)    a conviction for a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed the offense with intent to violate or abuse the victim sexually;

(D)    a conviction for a violation of Section 30.02 (Burglary), Penal Code, if the offense is punishable under Subsection (d) of that section and the defendant committed the offense with intent to commit a felony listed in Paragraph (A) or (C);

(E)    the second conviction for a violation of Section 21.08 (Indecent exposure), Penal Code;

(F)    a conviction for an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense listed in Paragraph (A), (B), (C), or (D);

> (G)    an adjudication of delinquent conduct based on a
> violation of one of the offenses listed in Paragraph (A), (B), (C), (D),
> or (F) *or for which two violations of the offense listed in Paragraph
> (E) are shown.*

*Id.* art. 62.01(5)(A)-(G).

An individual with a reportable conviction or adjudication generally has a duty to register for at least ten years following the conviction or adjudication. *See id.* art. 62.12(b). Thus, "if the person's duty to register is based on an adjudication of delinquent conduct, [the duty to register expires] on the 10th anniversary of the date on which the disposition is made or the person completes the terms of the disposition, whichever date is later." *Id.* art. 62.12(b)(1). But an individual convicted of or adjudicated for a sexually violent offense or an offense under section 25.02, 43.05(a)(2), or 43.26 of the Penal Code has a duty to register until his or her death. *See id.* art. 62.12(a); *see also* TEX. PEN. CODE ANN. §§ 25.02, 43.05(a)(2), 43.26 (Vernon 1994 & Supp. 1999) (prohibiting, respectively, incest, compelling prostitution, and possession or promotion of child pornography).

With this brief explanation of the sex offender registration program established by chapter 62 of the Code of Criminal Procedure, we turn to your questions. You ask first whether a local law enforcement authority has discretion to register a parolee or adjudication who is required to register solely as a condition of parole. Nothing in chapter 62 forbids a local law enforcement authority to register as a sex offender such a parolee. Although a local law enforcement authority is not required to register an individual who does not have a reportable conviction or adjudication, regardless of the parole conditions to which the person has agreed, *see* Tex. Att'y Gen. Op. No. JC-0010 (1999) at 3, chapter 62 does not preclude it from doing so in the absence of such a requirement.

While a local law enforcement agency may register a parolee who is not otherwise required by chapter 62 to register, it is less clear that the registration can be effectuated with the Department of Public Safety. In this regard, we note that article 62.08(a) of the Code of Criminal Procedure permits the Department to "maintain a computerized central database containing only the information *required for registration* under this chapter." TEX. CODE CRIM. PROC. ANN. art. 62.08(a) (Vernon Supp. 1999) (emphasis added). Arguably, based upon article 62.08(a), the Department of Public Safety may not enter information into its central database on an individual who does not have a reportable conviction or adjudication.

You next ask about the duties of a parolee with a reportable conviction or adjudication and the corresponding duties of the local law enforcement authority. Initially, you ask whether the parolee's prior juvenile adjudication is reportable. Because we have not been informed as to the nature of the parolee's juvenile adjudication, we cannot determine whether it is in fact a reportable adjudication as that term is defined in article 62.01(5) of the Code of Criminal Procedure. You suggest that the parolee was required to register as a condition of parole because he had a history as

a sex offender, and we will therefore assume for purposes of this opinion that the adjudication is reportable.

Given this assumption, you ask whether a local law enforcement authority has any discretion in registering a parolee with a reportable adjudication. It does not. The law enforcement agency must register a person as a sex offender if that person has a statutory duty to register with the law enforcement agency. A sex offender has a duty to register for at least ten years following the disposition of a juvenile adjudication, *see id.* art. 62.12(b)(1), or until death, *see id.* art. 62.12(a). Thus, for example, if the parolee described in Attorney General Opinion JC-0010 had a reportable adjudication, he had a duty to register because of that adjudication for at least ten years following the date of the disposition of the adjudication or the date he completed the terms of the disposition, *see id.* art. 62.12(b)(1), which we were informed was approximately March 1991. Accordingly, the individual described in that opinion would have had a duty to register as a sex offender until at least March 2001 if his adjudication had been reportable. In addition, if the individual described in Attorney General Opinion JC-0010 had a reportable adjudication under article 62.01(5) of the Code of Criminal Procedure, but had most recently been convicted of a nonreportable offense, he still would have a duty to register as a sex offender based upon the previous adjudication. As long as an individual's duty to register has not yet expired, a law enforcement authority has no discretion to decide whether to register the individual. It must register all persons who are required by statute to register.

Finally, you ask whether a law enforcement authority may register a parolee whom the statute does not require to register as a sex offender and what liability the law enforcement authority may face for registering the individual in these nonmandatory circumstances. As we stated in answer to your first question, we know of no statute that forbids a local law enforcement authority to register an individual who is not statutorily required to register. Conversely, nothing in the law requires the law enforcement authority to register the individual. *See* Tex. Att'y Gen. Op. No. JC-0010 (1999) at 3.

A local law enforcement authority that registers a parolee who need not register under the statute does not commit an offense under chapter 62. The only offense listed in that chapter is for a sex offender's failure to comply with registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.10 (Vernon Supp. 1999). Consequently, a local law enforcement authority that registers a parolee who need not register faces no liability under chapter 62. Depending upon the facts of a particular situation, we can imagine that other actions might lie against the local law enforcement agency for libel, defamation of character, invasion of privacy, equal protection violations, or similar actions. Given that the parolee registered in spite of the fact that he or she was not required by statute to do so, however, we think the parolee's chance of succeeding in such an action is small absent bad-faith conduct on the law enforcement agency's part.

## S U M M A R Y

Nothing in chapter 62 of the Code of Criminal Procedure precludes a local law enforcement authority from registering as a sex offender a parolee who does not have a reportable conviction or adjudication but who is required as a condition of his or her parole to register.  A parolee's juvenile adjudication, which occurred prior to the parolee's most recent conviction, is a reportable adjudication if it is "an adjudication of delinquent conduct based on a violation of one of the offenses listed in" article 62.01(5)(A) - (D), (F) of the Code of Criminal Procedure or based on two violations of the offense listed in article 62.01(5)(E).  The parolee's duty to register as a sex offender for that reportable adjudication continues until the duty expires as specified in article 62.12(a), (b) of the Code of Criminal Procedure, regardless of the nature of any subsequent adjudications or convictions.  If the parolee has a duty to register under chapter 62, the local law enforcement authority in the community in which the parolee intends to reside is required to register the parolee.  A law enforcement authority that registers as a sex offender an individual who registers him- or herself as such, although the individual does not have a reportable conviction or adjudication, is not subject to liability under chapter 62 of the Code of Criminal Procedure, but may, depending upon the facts, face liability for various civil causes of action.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee